UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BIRL LEILOKIE HILL,

    Petitioner,    Case No. 1:18-cv-216

v.            Honorable Janet T. Neff

CARMEN PALMER,

    Respondent.
_____/

## OPINION

   This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

I. *Factual allegations*

Petitioner Birl Leilokie Hill is incarcerated with the Michigan Department of Corrections at the Michigan Reformatory (RMI) in Ionia County, Michigan. In 2014, a Saginaw County Circuit Court jury found Petitioner guilty of a variety of offenses, including first-degree premeditated murder, Mich. Comp. Laws § 750.316, first-degree felony murder, Mich. Comp. Laws § 750.316(1)(b), carrying a dangerous weapon with unlawful intent, Mich. Comp. Laws § 750.226, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and five related counts of possession of a firearm during the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b.

The trial court sentenced Petitioner as a second-offense habitual offender, Mich. Comp. Laws § 769.10, to concurrent prison terms of life for the first-degree murder conviction, 47 months to 90 months for the carrying-of-a-dangerous-weapon conviction, and 47 months to 90 months for the felon-in-possession conviction. He also received concurrent sentences for his other convictions, which are not described because they are not relevant here. In addition, he was sentenced to five terms of 24 months for his felony-firearm convictions, to be served concurrently with each other but consecutively to the underlying felonies.

He appealed the judgment to the Michigan Court of Appeals. The court of appeals affirmed the judgment of conviction and sentence in an opinion entered on June 16, 2016. He also appealed to the Michigan Supreme Court, which denied leave to appeal on November 30, 2016, because it was not persuaded that the questions presented should be reviewed by that court.

Petitioner timely filed his habeas corpus petition with this Court on February 28, 2018. Under Sixth Circuit precedent, the application is deemed filed when handed to prison

authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on February 28, 2018, on the last day of the one-year deadline in 28 U.S.C. § 2244(d)(1)(A). (Pet., ECF No. 1, PageID.9.)

The petition raises two grounds for relief, as follows:

I. PETITIONER IS ENTITLED TO A WRIT OF HABEAS CORPUS BECAUSE THE TESTIMONY OF TR[]OOPER NEIL SOMERS AND HIS MAPS AND DIAGRAMS WERE INADMISSIBLE UNDER MRE 702 AND THE PETITIONER AS A RESULT WAS DENIED A FAIR TRIAL.

II. PETITIONER IS ENTITLED TO A WRIT OF HABEAS CORPUS BECAUSE THE PETITIONER WAS DENIED A FAIR TRIAL BY ADMISSION OF EVIDENCE THAT HE HAD A GUN ON A DATE DIFFERENT THAN THE DAY OF THE HOMICIDE BECAUSE THE PROSECUTOR FAILED TO GIVE THE PETITIONER NOTICE OF AN INTENT TO INTRODUCE SIMILAR ACTS EVIDENCE.

(Pet., ECF No.1, PageID.5.) Petitioner asserts that he fully exhausted these claims by raising them on appeal.

II. AEDPA standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

3

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014); *Bailey*, 271 F.3d at 655. Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. \_\_\_, 134 S. Ct. 1697, 1705 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

### III. Admission of Evidence under Rule 702 (Habeas Ground I)

According to the Michigan Court of Appeals opinion, Petitioner's conviction for murder stems from the shooting death of 23-year-old Jessica Callahan, who was found dead in a cemetery with a single gunshot wound to the head. Petitioner apparently met Callahan on the day of the murder, drove her to the home of an acquaintance, retrieved a handgun, and then drove off with Callahan and returned without her. Petitioner argues that the trial court improperly admitted the testimony and supporting exhibits of Trooper Neil Somers, who provided expert testimony regarding the whereabouts of Petitioner's and the victim's cell phones on the date of the offense, using data from cell phone records and the location of cell phone towers.

Applying "plain error" review, the Michigan Court of Appeals rejected Petitioner's claim that the trial court improperly admitted Somers' testimony under Rule 702 of the Michigan Rules of Evidence:

MRE 702 provides as follows:

> If the court determines that scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and

> (3) the witness has applied the principles and methods reliably to the facts of the case.

The underpinning of MRE 702 is that the "trial court must ensure that all expert opinion testimony, regardless of whether it is based on novel science, is reliable." *People v Steele*, 283 Mich App 472, 481; 769 NW2d 256 (2009).

> The court recognized Somers as an expert in the area of cell phone data analysis. Somers testified regarding his qualifications and training as follows:
>
>> Initially in 2008 I took training from a company called Public Agency Training Council in cell phone, forensics of cell phone records. Again in two-thousand—I have to review, but I believe in 2012, I took a similar refreshing course from that company. I've also been down to the Secret Service's school down in Birmingham, Alabama, in basic cell phone investigations.
>
> Somers testified that since 2008, he had been involved in almost 100 cases where he assisted the Michigan State Police and other agencies "in looking at cell phone records to determine calls that were made and where those calls possibly have been made from."
>
> The court's determination that Somers was qualified to give expert testimony in the area of cell phone data analysis was not erroneous. He testified to continuing training in the area and a considerable amount of experience in applying the principles he had learned. In other words, he demonstrated he possessed the "knowledge, skill, experience, training, [and] education" necessary to be recognized as an expert in the area.
>
> . . .
>
> Somers' expert opinion on the locations of the two cell phones was "rationally derived from a sound foundation." *Id.* Somers' methodology was logical, albeit somewhat inexact. However, Somers explained to the jury that locations of the cell phones he identified were not exact, but an approximation. And the jury was instructed that it should decide whether it believed any of the expert testimony given "and how important you think it is."
>
> And the evidence was relevant to determining a fact in issue as it mapped out the movement of the phones on the night of the murder, including placing defendant's cell phone in the vicinity of the cemetery where the victim's body was discovered. From this evidence it can be reasonably inferred that defendant was also present at the scene. Thus, no plain error has been shown.

*People v. Hill*, No 326550, 2016 WL 3365256, at *2-3 (Mich. Ct. App. June 16, 2016.)

Petitioner's claim rests upon a violation of Rule 702 of the Michigan Rules of Evidence. The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), an inquiry whether evidence was properly admitted or improperly excluded under state law "is no part of the federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Id.* at 67-68. Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. State-court evidentiary rulings cannot rise to the level of due process violations unless they offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quotation omitted); *accord Coleman v. Mitchell*, 268 F.3d 417, 439 (6th Cir. 2001); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). This approach accords the state courts wide latitude in ruling on evidentiary matters. *Seymour*, 224 F.3d at 552 (6th Cir. 2000).

When asserting that he was denied a fair trial, Petitioner implies that the state court's ruling deprived him of due process. Even if that is the case, this Court may only grant relief if Petitioner is able to show that the state court's ruling on appeal was in conflict with a decision reached by the Supreme Court on a question of law or if the state court decided the evidentiary issue differently than the Supreme Court did on a set of materially indistinguishable facts. *Sanders v. Freeman*, 221 F.3d 846, 860 (6th Cir. 2000). Petitioner has not met this difficult standard. Thus, his claim is meritless.

IV. Notice of "Other Acts" Evidence (Habeas Ground II)

Next, Petitioner contends that he was denied a fair trial when the trial court admitted evidence that he possessed a gun on the day before the offense. He contends that the prosecutor did not give adequate notice to Petitioner that the prosecutor intended to introduce evidence of "similar acts." The Michigan Court of Appeals rejected this claim:

> The admission of other acts evidence reflecting on a defendant's character is limited by MRE 404(b) to avoid the danger of conviction based on a defendant's history of other misconduct rather than on the evidence of his conduct in the case in issue. *People v. Starr*, 457 Mich. 490, 495; 577 NW2d 673 (1998). Evidence of other crimes or acts is admissible under MRE 404(b) if such evidence: (1) is offered for a proper purpose and not to prove the defendant's character or propensity to commit the crime; (2) is relevant to an issue or fact of consequence at trial; and (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *People v. VanderVliet*, 444 Mich. 52, 74-75; 508 NW2d 111 (1993), amended on other grounds 445 Mich. 1205 (1994). Generally, under MRE 404(b)(2), the prosecution must provide reasonable pretrial notice of the nature of other acts evidence it intends to introduce and the rationale for admitting the evidence. *People v. Hawkins*, 245 Mich. App 439, 454; 628 NW2d 105 (2001).
>
> Defendant was charged with several crimes that involve the possession of a firearm. There was testimony that defendant retrieved a .38 handgun from a garage before driving off with the victim. The victim died from a gunshot wound to her head. The gun was never recovered. The challenged evidence helped to establish that defendant was in possession of a gun during the relevant timeframe, a fact of consequence to several of the charges filed. The prosecutor made it clear at trial that the evidence went to the issue of defendant's access to a gun, i.e., "specific evidence related to the crime." It was not being offered as other acts evidence, and the prosecutor did not argue it that way during closing argument. The court did not abuse its discretion in admitting the challenged testimony.

*Hill*, 2016 WL 3365256, at *3-4.

Although this Court cannot evaluate the reasonableness of the state court's determination of the facts, the Court can determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established law.

The requirement to provide pre-trial notice of evidence of other acts is a requirement of state law. *See* Mich. R. Evid. 404(b)(2). This Court, however, may grant relief

8

only if Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). Petitioner implies that the admission of evidence that he possessed a gun on the day prior to the offense violated his right to Due Process, but there is no clearly established Supreme Court precedent that holds that a state court violates the Due Process Clause by permitting evidence in the form of other bad acts. *See Estelle*, 502 U.S. at 75 n.5 ("[W]e express no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime."); *Bugh*, 329 F.3d at 512 ("There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence."). Likewise, there is no clearly established Supreme Court precedent requiring a prosecutor to provide notice of such evidence before presenting it at trial. Consequently, the Michigan Court of Appeals' opinion was not contrary to, or an unreasonable application of, clearly established law.

### V. Appointment of Counsel

Petitioner has asked for appointment of counsel. Indigent habeas petitioners have no constitutional right to a court-appointed attorney. *Johnson v. Avery*, 393 U.S. 483, 488 (1969); *Barker v. Ohio*, 330 F.2d 594, 594-95 (6th Cir. 1964); *see also Lovado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). Considering the complexity of the issues and their lack of merit, the assistance of counsel does not appear necessary to the proper presentation of Petitioner's position. Thus, Petitioner's request for a court-appointed attorney will be denied.

### **Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.

Dated: March 21, 2018    /s/ Janet T. Neff
                                                 Janet T. Neff
                                                 United States District Judge